**United States District Court**
For the Northern District of California

1
2
3
4
5              UNITED STATES DISTRICT COURT
6              NORTHERN DISTRICT OF CALIFORNIA
7
8
9    HILMIJA DZEBIC,
10          Plaintiff,                       No. C 10-2363 PJH
11       v.                                  **ORDER**
12   ROANOKE COMPANIES GROUP,
     INC., et al.,
13
14          Defendants.                      RELATED CASES
     _____
15
     FIKRETA OSMANKIC,
16
            Plaintiff,                       No. C 10-2364 PJH
17
         v.
18
     HOME DEPOT U.S.A., INC.,
19
            Defendants.
20
     _____/
21
22          The court is in receipt of a letter filed in the above-entitled actions on September 10,

23   2012. The letter is signed by plaintiffs Hilmija Dzebic and Fikreta Osmankic, but appears to

24   have been written by some member or members of the plaintiffs' family. As far as the court

25   can ascertain, the letter seeks an order pursuant to Federal Rule of Civil Procedure

26   60(b)(1), (2), and/or (3), setting aside the judgments entered in the above-entitled actions.

27   The court finds no basis to set aside either judgment, and the motion is DENIED.

28          These two product liability cases were originally filed in a state court in Georgia on

United States District Court

For the Northern District of California

January 8, 2008, and were subsequently removed to the U.S. District Court for the Northern District of Georgia, where they were consolidated with a personal injury Multi-District Litigation action, asserted against numerous defendants.  While the cases were part of the MDL, extensive discovery was taken and the cases were set for a February 2010 trial.  At the February 2, 2010 pretrial conference, plaintiffs' counsel made an "emergency motion" for continuance of the trial date, which the court granted.  On May 28, 2010, the cases were transferred (at plaintiffs' request) to this district.

Thus, at the point at which the cases were transferred, fact discovery had closed and the cases were ready for trial.  In November 2010, Judge Walker, to whom the cases were then assigned, granted the motion of plaintiffs' counsel to withdraw, and ordered plaintiffs to inform the court in writing by November 29, 2010 whether they had obtained new counsel or whether they wished to proceed pro se.  On November 24, 2010, plaintiffs responded in writing, stating that they had been unable to secure new counsel.  The cases were reassigned to the undersigned District Judge on December 14, 2010.

On March 10, 2011, following two continuances, the court held an initial case management conference, at which time plaintiffs requested additional time to secure new counsel.  The court granted plaintiffs an extension to April 11, 2011.  Plaintiffs failed to secure new counsel by that date.

At the April 21, 2011 case management conference, the cases were set for trial on November 14, 2011.  In the case management and pretrial order that was issued on May 2, 2011, the pretrial conference date was set for October 13, 2011, and the expert discovery cut-off date and the deadline for plaintiffs to update their Plaintiff Profile Form was set for June 15, 2011.  Plaintiffs did not attend the April 21, 2011 case management conference. An attorney by the name of Gurman Bal sat in the courtroom and took notes, but stated that he did not actually represent plaintiffs.

On May 4, 2011, counsel for defendants sent a letter via certified mail to plaintiffs, providing them with the pretrial deadlines that had been set at the case management conference.  However, plaintiffs failed to pick up the letter from the post office.  On May 19,

2

United States District Court

For the Northern District of California

1   2011, defendants sent another letter to plaintiffs, again notifying them of the court's pretrial

2   deadlines.  This letter was delivered to plaintiffs' residence on May 20, 2011 by Federal

3   Express.  Notwithstanding the court's order, plaintiffs failed to make their expert available

4   for deposition, and failed to update their Plaintiff Profile Forms.

5           On June 15, 2011, defendants Aerofil Technology, Inc. ("Aerofil"), Home Depot

6   U.S.A., Inc. ("Home Depot"), and Roanoke Companies Group, Inc. ("Roanoke") moved for

7   summary judgment as to the claims asserted by plaintiff Fikreta Osmankic, based on her

8   failure to produce any evidence that she had been exposed to the allegedly defective

9   product.  On July 1, 2011, Aerofil, Home Depot, and Roanoke moved to dismiss both cases

10  for lack of prosecution and for failure to comply with the court's order.  On July 13, 2011,

11  both plaintiffs file a response to defendants' motion to dismiss, in which they did not

12  address the failure to make their expert available for deposition.

13          On July 20, 2011, the court heard the motion for summary judgment in case No. 10-

14  2364, and took it under submission.  On July 25, 2011, the court issued an order granting

15  the motion.  A copy of the order was mailed to the plaintiff in that case.

16          On August 10, 2011, the court heard the motion to dismiss case No. 10-2363 for

17  lack of prosecution and failure to comply with the court's order.  At that hearing, Hilmija

18  Dzebic, plaintiff in case No. 10-2363, did not appear.  Fikreta Osmankic, plaintiff in case

19  No. 10-2364, attempted to appear on behalf of Mr. Dzebic, but was advised by the court

20  that she could not do so.  The court further advised Ms. Osmankic that her case against

21  Aerofil, Home Depot, and Roanoke had been resolved based on the granting of

22  defendants' summary judgment motion.

23          The court advised that Mr. Dzebic would be allowed a further two weeks to produce

24  his expert for deposition.  The court denied the motion to dismiss as to the claims asserted

25  by Mr. Dzebic in case No. 10-2363, but also indicated that if the expert was not produced

26  during that time, the defendants could renew their motion for terminating sanctions.  Also

27  on August 10, 2011, the court issued a written order, reiterating that Mr. Dzebic was

28  required to make his expert available for deposition by August 24, 2011, and that if he

United States District Court

For the Northern District of California

1    failed to comply with the order, defendants could renew their motion for terminating

2    sanctions.  The order was served on Mr. Dzebic, but he failed to comply.

3           On August 29, 2011, Aerofil, Home Depot, and Roanoke filed a renewed motion to

4    dismiss case No. 10-2363 for failure to comply with the court's orders.  On September 16,

5    2011, the court issued an order granting the motion.  On October 13, 2011, the court

6    dismissed the claims against Aerofil, Home Depot, Roanoke, and Innovative Chemical

7    Technologies, Inc. ("ICT").  Judgment was finally entered on October 13, 2011.

8           Under Rule 60(b), the court may relieve a party from a final judgment because of,

9    among other things, (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

10   discovered evidence that, with reasonable diligence, could not have been discovered in

11   time to move for a new trial under Rule 59(b); or (3) fraud, misrepresentation, or

12   misconduct by an opposing party.

13          Here, plaintiffs appear to be arguing that the judgment should be set aside because

14   one or more defendants failed to properly serve them with certain motions to dismiss.

15   Although it is not clear from the letter, the motions that plaintiffs refer to may include (1) the

16   renewed motion filed by Aerofil, Home Depot, and Roanoke on August 29, 2011 to dismiss

17   case No. 10-2363 for failure to comply with the court's orders; (2) the motion filed by ICT on

18   September 23, 2011 to dismiss the claims asserted against it by both Hilmija Dzebic and

19   Fikreta Osmankic for failure to comply with an order of the court, based on the fact that

20   plaintiffs previously agreed to a settlement of their claims, had been ordered by the court to

21   execute a stipulated dismissal, but then had failed to execute the stipulated dismissal; and

22   (3) and motions for entry of judgment filed by Aerofil, Home Depot, and Roanoke on

23   September 26, 2011, as directed by the court, based on the lack of pendency of any claims

24   or cross-claims asserted by or against them.

25          Plaintiffs' claim appears to be that certain documents showing proof of service dated

26   August 29, 2011, were mistakenly served on them instead of the above-described motion

27   papers.  With regard to the August 29, 2011 renewed motion to dismiss filed by Aerofil,

28   Home Depot, and Roanoke, the court finds that any failure by defendants to serve Mr.

United States District Court

For the Northern District of California

1    Dzebic with the August 29, 2011 motion papers was not prejudicial.

2         As explained above, at the April 21, 2011 case management conference and in the

3    follow-up case management and pretrial order, the court set an expert discovery cut-off

4    date of June 15, 2011, and ordered Mr. Dzebic to make his expert available for deposition

5    by that date.  Although Mr. Dzebic failed to comply with that order, the court denied

6    defendants' the initial motion to dismiss (also notwithstanding Mr. Dzebic's lack of

7    opposition to the motion) and granted Mr. Dzebic an additional extension to August 24,

8    2011.  The court issued a written order to that effect, which was served on Mr. Dzebic.

9    Again, Mr. Dzebic failed to comply with the order, notwithstanding the fact that he was

10   clearly on notice of both the original deadline and the two-week extension.

11        Mr. Dzebic was also on notice that the court had advised defendants that they could

12   renew their motion for terminating sanctions if he failed to make his expert available for

13   deposition by August 24, 2011.  Defendants did in fact file a renewed motion for terminating

14   sanctions – on the same grounds as the prior motion – and the court issued an order

15   granting the motion on October 13, 2011.  A copy of that order was served on Mr. Dzebic.

16   Thus, he cannot reasonably argue that he was not aware that his failure to make his expert

17   available for deposition would result in the dismissal of his case.

18        As for the remaining two motions – which were the final motions filed in the case –

19   they were both filed and served in late September 2011.  Thus, to the extent that plaintiffs

20   are claiming that they were not served with copies of those motions, the court notes that

21   the proofs of service are dated August 29, 2011, which predates the filing of the motions.

22   In addition, it is clear that summary judgment was granted as to plaintiff Fikreta Osmankic

23   based on her failure to produce any evidence of exposure to the alleged defective product,

24   and that both plaintiffs were ordered to make their expert available for deposition, and failed

25   to do so.

26        Plaintiffs were served with copies of the court's final order and the judgment in each

27   case on October 13, 2011.  Plaintiffs did not file notices of appeal.  If it is true that plaintiffs

28   did not receive copies of any of the motion papers, the time to notify the court would have

5

been when they received the October 13, 2011 order and judgments in the two cases.

The court finds that plaintiffs have not established that the judgments should be set aside under any ground set forth in Rule 60(b). In particular, there is no evidence that the final judgments were procured by fraud. Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 14, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge